1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
   203 Redwood Shores Pkwy., Ste. 480
3  Redwood City, California 94065
   Telephone: 650.637.9100
4  Facsimile: 650.637.8071

5  Attorneys for Defendant
   NATIONAL UNION FIRE INSURANCE COMPANY OF
6  PITTSBURGH, PA

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 BUSINESS PROFESSIONAL INSURANCE        CASE NO. CV 08 1795
   ASSOCIATES, INC., a California corporation,
11
              Plaintiff,                  NATIONAL UNION'S NOTICE OF
12                                        REMOVAL OF CIVIL ACTION UNDER
        v.                                28 U.S.C. SECTIONS 1332 AND 1441(a)
13                                        [DIVERSITY JURISDICTION];
   NATIONAL UNION FIRE INSURANCE          DEMAND FOR JURY TRIAL
14 COMPANY OF PITTSBURGH, PA, a
   Pennsylvania corporation, and
15 DOES 1 – 50, inclusive,

16            Defendants.

17

18     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19         PLEASE TAKE NOTICE that defendant National Union Fire Insurance Company of

20 Pittsburgh, Pa. (hereinafter "National Union") hereby removes to this Court the state action

21 described below:

22     1.    National Union is a defendant in the civil action commenced on February 27, 2008

23           in the Superior Court of the State of California, County of San Francisco, Case No.

24           CGC08-472676, entitled Business Professional Insurance Associates, Inc. v.

25           National Union Fire Insurance Company of Pittsburgh, Pa.   National Union was

26           served with the Complaint on March 6, 2008.  A true and correct copy of the

27           Complaint is attached hereto as Exhibit "1" and is incorporated as part of this notice.

28     2.    National Union filed its answer in State court to plaintiff's complaint on April 3,

163375                              - 1 -

2008. A true and correct copy of National Union's answer to plaintiffs' complaint is attached hereto as Exhibit "2" and is incorporated as a part of this notice of removal and removal.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by National Union pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature and extent of plaintiff's claims and damages alleged in the complaint. Plaintiff contends that National Union breached its duty to extend coverage for a claim, including the duty to defend plaintiff in that underlying claim. (Complaint, ¶ 23). The plaintiff in that underlying claim asserts damages against plaintiff herein of at least $162,000. (Complaint, ¶ 19). Plaintiff also asserts a claim for damages for attorneys fees and costs plaintiff has and will incur to defend the underlying claim against plaintiff. (Complaint, ¶ 26, Prayer For Relief, p.7:28.) Plaintiff also seeks punitive damages. (Complaint, ¶ 26, Prayer For Relief, No. 4, p.7:27.)

5. At the time of the commencement of this action, and at all times since, National Union has been, and still is, a corporation of the State of Pennsylvania, being incorporated under the laws of Pennsylvania, and has had and continues to have its principal place of business in Pennsylvania. Plaintiff Business Professional Insurance Associates, Inc. has been and continues to be a citizen of the State of California, having been organized under the laws of the State of California and having its principal place of business in the State of California. (Complaint, ¶ 1).

6. This action was brought in the State of California. This corporate defendant was not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and did not have at the time

NAT'L UNION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 & 1441(a)
[DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL

1    of the institution of this action, and does not have now, its principal place of

2    business in California.

3    **DEMAND FOR JURY TRIAL**

4       National Union Fire Insurance Company of Pittsburgh, PA hereby demands a trial by jury.

5    Dated: April 3, 2008

                  HAYES DAVIS BONINO ELLINGSON
                  McLAY & SCOTT, LLP

6

7

8    By                                           

9                      STEPHEN M. HAYES
                  STEPHEN P. ELLINGSON
                  Attorneys for Defendant

10                      NATIONAL UNION FIRE INSURANCE
                  COMPANY OF PITTSBURGH, PA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

163375

**NAT'L UNION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 & 1441(a)
[DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

# EXHIBIT 1

1  Lori A. Lutzker, Esq. (Bar No. 124589)
   CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
2  Professional Law Corporation
   216 Park Road
3  P.O. Box 513
   Burlingame, California 94011-0513
4  Telephone:     (650) 342-9600
   Facsimile:     (650) 342-7685
5
   Attorneys for Plaintiff
6  Business Professional Insurance Associates

7

8               SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF SAN FRANCISCO

10

11  BUSINESS PROFESSIONAL                   No: CGC08-08-472676
    INSURANCE ASSOCIATES, INC., a
12  California corporation,                 COMPLAINT FOR BREACH OF
                                            INSURANCE CONTRACT, BREACH OF
13                Plaintiff,                IMPLIED COVENANT OF GOOD FAITH
                                            AND FAIR DEALING, AND
14      vs.                                 DECLARATORY RELIEF

15  NATIONAL UNION FIRE INSURANCE
    COMPANY OF PITTSBURGH, PA, a
16  Pennsylvania Corporation, and DOES 1
    through 50, inclusive,
17
                                            BY FAX
18                Defendants.

19

20      Plaintiff Business Professional Insurance Associates, Inc., a California corporation,

21  ("BPIA") alleges as follows:

22                       GENERAL ALLEGATIONS

23      1.  BPIA is a corporation duly organized and existing under and by virtue of the laws of

24  the State of California and is a duly licensed insurance broker.

25      2.  Defendant National Union Fire Insurance Company of Pittsburgh, Pa ("National") is

26  a Pennsylvania corporation doing business in San Mateo, California. National is transacting

27  business in California as a provider of liability insurance.

28      3.  The true names and capacities, whether corporate, individual, partnership or

22121.00008\BGLIB1\1360128.1                1

ENDORSED
FILED
Superior Court of California
County of San Francisco

FEB 27 2008

GORDON PARK-LI, Clerk
BY: CRISTINA E. BAUTISTA
        Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

AUG 1 - 2008 - 9:00 AM
DEPARTMENT 212

1.  otherwise of Defendants named in this complaint as Does 1 through 50 are unknown to BPIA

2   and for that reason BPIA sues them by the fictitious names. BPIA is informed and believes that

3   each of the Doe Defendants is legally or otherwise responsible in some manner for the actions

4   alleged in this complaint and that his damages were proximately caused by the Doe Defendants'

5   acts.

6       4.   BPIA is informed and believes that each of the Defendants, including the Doe

7   Defendants, is jointly and severally liable as principal, agent, employer, partner or alter-ego of

8   each of the remaining Defendants and was, in performing the acts complained of in this

9   complaint, acting at least partially within the scope of that agency, employment, partnership or

10  alter-ego authority.

11      5.   BPIA affiliates with broker-agents. In 2005, Isabel Guzman was one of BPIA's

12  broker-agents. Her client was Brown and Sons Investments, Inc. ("Brown"). Its principal is

13  Randy Brown.

14      6.   In 2005, Brown requested that Ms. Guzman obtain performance bonds and general

15  liability insurance to bid on two school district jobs. She collected the premiums from Brown

16  and provided it with evidence that they had been obtained.

17      7.   On March 3, 2006, Allied Insurance Company notified BPIA that Ms. Guzman issued

18  a fraudulent performance bond for Brown. BPIA contacted Randy Brown to verify this.

19  Apparently Brown had decided to switch brokers. Randy Brown informed BPIA that in the

20  course of conducting its due diligence, the new broker was unable to verify that the bonds had

21  actually been legally and properly issued.

22      8.   BPIA launched an immediate and full-scale investigation. It learned that Ms. Guzman

23  had falsified the bonds and the general liability insurance policy for Brown. She collected the

24  premiums and deposited the premium checks into her personal checking account.

25      9.   Her scheme was elaborate. She copied existing policy forms, downloaded a few

26  forms from websites, and then cut and pasted information she needed. She faxed from home and

27  hand delivered paperwork to Brown. She created BPIA replica invoices and opened a personal

28  checking account with a BPIA abbreviation and had a "deposit only" stamp made for checks

22121.00008\BGLIB1\1360128.1

2

1   payable to BPIA. She kept all of the file copies at home and did not utilize any of BPIA's

2   internal agency management systems ("AMS") or BPIA's internal email to correspond with

3   Brown regarding the fraudulent bonds and general liability policy. She personally invoiced

4   Brown. There was no reasonable way BPIA could have detected her fraudulent acts or

5   supervised her more carefully.

6          10. BPIA terminated Ms. Guzman on March 3, 2006.

7          11. Om March 3, 2006, BPIA called Mr. Brown. He advised BPIA that the new broker

8   had already placed new bonds and a liability insurance policy.

9          12. BPIA also immediately told Mr. Brown that it wanted to redress the situation with

10  Brown. BPIA wanted to make sure that Brown was not harmed by what had happened.

11         13. On March 6, 2006, BPIA met with Mr. Brown in his office and gave him checks for

12  $5,456 to reimburse Brown for the bond premium, $4,235 to reimburse Brown for the insurance

13  policy premium, $363.41 as interest on those two amounts, $1,098 to reimburse Brown for the

14  insurance deposit and $240.96 interest on it, and $250 to reimburse Brown for the broker fee.

15  Mr. Brown asked for $3,580 for his time and BPIA paid him.

16         14. BPIA asked Mr. Brown what else he needed for the matter to be resolved. He said

17  that he did not know, but thought $15,000 would be payment in full for all his claims. He asked

18  BPIA to issue him a check for "pain and suffering" and told BPIA that he would not cash it

19  unless it was accepted as payment in full for all claims against BPIA. BPIA gave him the

20  $15,000 check. On March 24, 2006, Brown cashed it.

21         15. BPIA had in place an Insurance Agents and Brokers Professional Liability Policy,

22  Policy Number 491-49-07 (the "Policy") with National. A copy of the Policy is attached as

23  Exhibit A and incorporated by this reference. Under the Policy, National agreed:

24         To pay in behalf of the Insured all sums which the Insured shall become legally
           obligated to pay as damages resulting from any claim or claims first made against
25         the Insured and reported in writing to the Company during the Policy Period for
           any Wrongful Act of the Insured or for any other person for whose actions the
26         Insured is legally responsible . . . .

27         With respect to any such Wrongful Act for which insurance is afforded by this
           policy under Insuring Agreement 1 above, the Company shall, as part of and
28         subject to the limits of liability:

22121.00008\BGL\B1\1360128.1

3

a) . have the right and duty to defend any suit brought against the Insured seeking damages on account of a Wrongful Act, even if such suit is groundless, false or fraudulent, but the Insured shall not admit liability for or settle any claim or suit or incur any cost, charge or expense without the written consent of the Company, and the Company shall have the right to make such investigation and conduct negotiations and, without the written consent of the Insured, enter into such settlement of any claim or suit as the Company deems expedient.

16. On March 21, 2006, BPIA requested that the producer of the Policy advise National of what had happened and the possibility that claims covered by the Policy would be made.

17. As legally required of it, BPIA informed the California Department of Insurance and the San Mateo County District Attorneys' Office what Ms. Guzman had done. BPIA provided a copy of its investigative documentation to National and kept National informed of the ongoing status and activity of the claims that might arise as a result of Ms. Guzman's activities and the criminal case against her.

18. On April 6, 2006, National sent BPIA a letter stating, "you have notified us of a potential claim involving the alleged theft of premiums to be submitted for several construction bonds and commercial general liability insurance coverage." National denied coverage because "no claim has been brought against you nor are you named in the above-captioned lawsuit. If this should change, please advise us immediately." In this letter, National recognized that, pursuant to Endorsement # 5, while there was no coverage for dishonest, criminal, fraudulent or malicious act, error or omission of BPIA, BPIA (the "Named Insured"):

. . . shall be protected under the terms of this policy against any such claim based on the dishonest, criminal, fraudulent or malicious act, error or omission of any employee of the Named Insured not a partner, director or officer thereof, if the Named Insured or partner, director or officer thereof did not personally participate in the dishonest, criminal, fraudulent or malicious act, error or omission or personally acquiesce or remain passive after having actual knowledge thereof.

19. On April 17, 2007, Brown, through legal counsel, demanded approximately $162,000 from BPIA for alleged damages caused by the acts of Ms. Guzman. On April 23, 2007, BPIA faxed a copy of this letter to National.

20. The San Mateo County District Attorneys' Office prosecuted Ms. Guzman. It found that Ms. Guzman committed the fraud without the knowledge or consent of BPIA, BPIA was a victim who suffered a significant loss as a consequence of her crimes, and Ms. Guzman showed

22121.00008\BGLIB1\1360128.1

4

1  a high degree of deceit, planning, and a callous disregard for the potential harm to the victims.

2  On September 18, 2007, Ms. Guzman pleaded no contest to two counts of grand theft

3  embezzlement. The court sentenced her to five years probation and eight months in county jail

4  and ordered her to pay restitution to BPIA.

5       21. On November 29, 2007, Brown filed San Joaquin County Superior Court Case No.

6  CV034142 against Ms. Guzman and BPIA. Brown served the complaint on BPIA on January 9,

7  2008 (the "Brown Action"). A true and correct copy of the Brown Action is attached as Exhibit

8  B. BPIA denies that it owes any damages to Brown. The complaint alleges, among other things,

9  that BPIA negligently supervised Ms. Guzman. BPIA requests that the Court take judicial notice

10  of the files of the court in the Brown Action.

11       22. On January 9, 2008, BPIA sent National a copy of the Brown Action and requested

12  that National defend and indemnify BPIA in the Brown Action. BPIA did not request

13  reimbursement for the $15,000 paid to Brown or any of any the attorneys' fees and costs

14  incurred to date.

15       23. On January 25, 2008, National declined to defend or indemnify BPIA. It cited

16  Exclusion m) to the Policy which denies coverage for "any Wrongful Act committed with

17  knowledge that it was a Wrongful Act." National stated:

18      We are denying coverage based on the discussions that had taken place on March
19      6, 2006 triggering the known wrongful acts exclusion cited above. Furthermore,
       the policy conditions were clearly violated as a result of your settlement
20      discussions beginning on March 6, 2006. The talks resulted in an admission of
       Guzman's activities and the payment of fifteen thousand dollars being made to the
21      plaintiff. This policy will not provide a defense or indemnification.

22       24. National's denial of benefits under the Policy was unreasonable and without proper
23  cause.

24      (a)    As pointed out by National, Endorsement # 5 provides coverage for BPIA arising

25  out of Ms. Guzman's dishonest, criminal, fraudulent or malicious acts, errors or omissions since

26  she was not a director or officer of BPIA and no director or officer of BPIA personally

27  participated in Ms. Guzman's dishonest, criminal, fraudulent or malicious acts, errors or

28  omissions or personally acquiesced or remained passive after having actual knowledge of her

22121.00008\BGLIB1\1360128.1

             5.

1    acts, errors or omissions.

2          (b)    BPIA had no choice, as a matter of law, but to concede that Ms. Guzman had not

3    placed the collected premiums from Brown and had issued fraudulent policies.

4          (c)    BPIA's actions ensured that actual policies were placed where fraudulent ones

5    had been, thereby preventing small losses from becoming much, much larger ones.

6          (d)    BPIA's acts did not prejudice National's ability to defend the Brown Action.

7          (e)    As noted by National in April 2006, Brown had not filed a complaint against

8    BPIA when the March 6, 2006 discussions occurred. BPIA did not settle the Brown Action.

9    BPIA hoped to avoid a lawsuit by making the payment, but was unsuccessful.

10         (f)    BPIA's $15,000 payment did not prejudice National's ability to defend the Brown

11   Action.

12         (g)    The Policy does not state that an Insured's admission of liability or settlement of

13   any claim or suit completely excuses National from its obligations under the Policy.

14         (h)    Prior to the filing of the Brown Action, Brown did not assert that BPIA had failed

15   to adequately supervise Ms. Guzman.  BPIA never admitted that it failed to adequately supervise

16   Ms. Guzman and never attempted to settle any such claim.

17        25. BPIA performed all of its obligations under the Policy, except for those it was

18   excused or prevented from performing.

19        26. As a result of National's refusal to defend and indemnify BPIA in the Brown Action,

20   BPIA has had to retain attorneys to defend it in the Brown Action and in this Action and has

21   expended and will expend money to pay attorneys and others in the Brown Action and in this

22   Action in amounts to be proven at trial.

23                          FIRST CAUSE OF ACTION

24                        (Breach of Insurance Contract)

25        27. BPIA realleges paragraphs 1 through 26 as though set forth here.

26        28. Defendants acted in conscious disregard of BPIA's rights.  Defendants' conduct was

27   malicious, oppressive and/or fraudulent and BPIA is entitled to exemplary damages according to

28   proof.

1    WHEREFORE, BPIA prays for judgment as set forth below.

2                          SECOND CAUSE OF ACTION

3              (Breach of Implied Covenant of Good Faith and Fair Dealing)

4        29. BPIA realleges paragraphs 1 through 26 as though set forth here.

5        30. Implied in the Policy was a covenant that Defendants would act in good faith and deal

6    fairly with BPIA and that it would do nothing to interfere with its rights to receive the benefits of

7    the Policy.

8        31. Defendants breached the implied covenant of good faith and fair dealing.

9        32. Defendants acted in conscious disregard of BPIA's rights. Defendants' conduct was

10   malicious, oppressive and/or fraudulent and BPIA is entitled to exemplary damages according to

11   proof.

12       WHEREFORE, BPIA prays for judgment as set forth below.

13                          THIRD CAUSE OF ACTION

14                            (Declaratory Relief)

15       33. BPIA realleges paragraphs 1 through 26 as though set forth here.

16       34. BPIA contends that Defendants are required to defend and indemnify it in the Brown

17   Action and Defendants dispute this contention...

18       35. In the event that this Action is resolved before the Brown Action, BPIA desires a

19   judicial determination of its rights under the Policy so that the Court may order Defendants to

20   pay for its defense and to indemnify it in the ongoing Brown Action.

21       36. Such a judicial declaration and order are necessary and appropriate under the

22   circumstances.

23       WHEREFORE, BPIA prays for judgment as follows.

24                          PRAYER FOR RELIEF

25       1.   For damages in excess of $25,000 according to proof at trial.

26       2.   For prejudgment interest at the legal rate;

27       3.   For punitive damages according to proof;

28       4.   For attorneys' fees and costs according to proof;

22121.00008\BGLIB1\1360128.1

                                      7

1    5.  For a declaration and order that Defendants are required to pay BPIA's defense costs

2  and to indemnify BPIA in the Brown Action in the event that this Action is resolved before the

3  Brown Action; and

4    6.  For such other relief as the Court deems appropriate.

5  Dated: February 27, 2008

6              CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
              Professional Law Corporation
7

8

9  By: _____
              Lori A. Lutzker
10             Attorneys for Plaintiff
           Business Professional Insurance Associates
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22121.00008\BGLIB1\1360128.1

Complaint for Breach of Insurance Contract

# EXHIBIT 2

1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
   203 Redwood Shores Pkwy., Ste. 480
3  Redwood City, California 94065
   Telephone: 650.637.9100
4  Facsimile: 650.637.8071

5  Attorneys for Defendant
   NATIONAL UNION FIRE INSURANCE COMPANY OF
6  PITTSBURGH, PA

7

8                    SUPERIOR COURT OF CALIFORNIA

9                 CITY AND COUNTY OF SAN FRANCISCO

10 BUSINESS PROFESSIONAL INSURANCE          CASE NO.   CGC08-472676
   ASSOCIATES, INC., a California corporation,
11
                Plaintiff,                   **ANSWER TO COMPLAINT**
12
        v.
13
   NATIONAL UNION FIRE INSURANCE
14 COMPANY OF PITTSBURGH, PA, a
   Pennsylvania corporation, and
15 DOES 1 – 50, inclusive,

16              Defendants.

17

18      Defendant National Union Fire Insurance Company of Pittsburgh, Pa., in answer to the

19 unverified Complaint of plaintiff herein, herewith deny each and every, all and singular, the

20 allegation of the unverified Complaint, and in this connection defendant denies that plaintiff has

21 been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all as

22 the result of any act or omission of this answering defendant.

23                           **AFFIRMATIVE DEFENSES**

24      AS A FIRST AFFIRMATIVE DEFENSE TO THE FIRST AMENDED COMPLAINT ON

25 FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

26 answering defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of

27 action against this answering defendant.

28 / / /

1    AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

2  AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

3  CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is

4  estopped and barred from alleging the matters set forth in the Complaint.

5    AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED

6  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

7  CONTAINED THEREIN, this answering defendant alleges that said Complaint is barred by the

8  doctrine of unclean hands.

9    AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

10  AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

11  CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned

12  in the Complaint herein, plaintiff failed to perform certain conditions precedent that were imposed

13  upon them by contract.  The non-performance of said conditions excused defendant's obligations

14  under the contract.

15    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED

16  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

17  CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned

18  in the Complaint herein, plaintiff failed to mitigate the amount of his damages.  The damages

19  claimed by plaintiff could have been mitigated by due diligence on their part or by one acting under

20  similar circumstances.  The plaintiff's failure to mitigate is a bar to his recovery under the

21  Complaint.

22    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED

23  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

24  CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by

25  plaintiff were either wholly or in part caused by plaintiff or persons, firms, corporations or entities

26  other than this answering defendant.

27    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

28  AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

162819

- 2 -

ANSWER TO COMPLAINT – CASE NO. CV06-3375 RSWL (VBKx)

1   CONTAINED THEREIN, this answering defendant alleges on information and belief that plaintiff

2   cannot assert any contractual claims set forth in their Complaint because if any failure to perform

3   the obligations of the contract occurred, plaintiff prevented performance of said contract.

4       AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

5   AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

6   CONTAINED THEREIN, this answering defendant alleges on information and belief that plaintiff

7   cannot assert any of the contractual claims contained in the Complaint because plaintiff materially

8   breached said contract.

9       AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST AMENDED

10  COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

11  CONTAINED THEREIN, this answering defendant alleges insurance policy or policies at issue in

12  the Complaint afforded no coverage, or coverage was barred by one or more exclusions in said

13  policy or policies.

14      AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

15  AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

16  CONTAINED THEREIN, this answering defendant alleges that coverage is barred pursuant to

17  Insurance Code section 533, which precludes coverage for willful acts of an insured.

18      AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

19  AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

20  CONTAINED THEREIN, this answering defendant alleges that their conduct was not the cause in

21  fact or the proximate cause of any of the losses alleged by plaintiff.

22      AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

23  AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

24  CONTAINED THEREIN, this answering defendant alleges that plaintiff's Complaint, to the extent

25  that it seeks exemplary or punitive damages pursuant to §3294 of the Civil Code, violates

26  defendant's right to procedural due process under the Fourteenth Amendment of the United States

27  Constitution, and the Constitution of the State of California, and therefore fails to state a cause of

28  action upon which either punitive or exemplary damages can be awarded.

1    AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE FIRST

2   AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION

3   CONTAINED THEREIN, this answering defendant alleges that plaintiff's Complaint, to the extent

4   that it seeks punitive or exemplary damages pursuant to §3294 of the Civil Code, violates

5   defendant's rights to protection from "excessive fines" as provided in the Eighth Amendment of the

6   United States Constitution and Article I, Section 17, of the Constitution of the State of California,

7   and violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth

8   Amendments of the United States Constitution and the Constitution of the State of California, and

9   therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

10    WHEREFORE, this answering defendant prays for judgment as follows:

11        1.   That plaintiff takes nothing by his Complaint;

12        2.   For costs of suit incurred herein; and

13        3.   For such other and further relief as the Court deems proper.

14   Dated:  April 3, 2008                     HAYES DAVIS BONINO ELLINGSON
                                               McLAY & SCOTT, LLP
15

16

17                                             By _____
                                                  STEPHEN M. HAYES
18                                                STEPHEN P. ELLINGSON
                                                  Attorneys for Defendant
19                                                NATIONAL UNION FIRE INSURANCE
                                                  COMPANY OF PITTSBURGH, PA
20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT – CASE NO. CV06-3375 RSWL (VBKx)**

1 | **CASE NAME:**   **Business Professional Insurance Associates, Inc. v. National Union**
**ACTION NO.:**    **CGC08-472676**

2

## PROOF OF SERVICE

3

4    I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where

5 this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of

6 correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course

7 of business.

8    On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

9

### ANSWER TO COMPLAINT

10   ☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

11
12   ☐  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

13   ☐  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

14

15             Lori A. Lutzker, Esq.
             CARR, McCLELLAN, INGERSOLL,
16             THOMPSON & HORN
             216 Park Road
17             P.O. Box 513
             Burlingame, CA 94011-0513
18             Telephone: 650.342.9600
             Facsimile: 650.342.7685
19

20             **Attorneys for Plaintiff**
             **BUSINESS PROFESSIONAL**
21             **INSURANCE ASSOCIATES**

22

23   ☒  *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24   Executed on April 3, 2008, at Redwood City, California.

25

26                                    Abigail Bowman

27

28

---

CASE NAME:    **Business Professional Insurance Associates, Inc. v. National Union**
ACTION NO.:

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**NATIONAL UNION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐    (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐    (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

Lori A. Lutzker, Esq.
CARR, McCLELLAN, INGERSOLL,
THOMPSON & HORN
216 Park Road
P.O. Box 513
Burlingame, CA 94011-0513
Telephone: 650.342.9600
Facsimile: 650.342.7685

**Attorneys for Plaintiff**
**BUSINESS PROFESSIONAL**
**INSURANCE ASSOCIATES**

☒    *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 3, 2008, at Redwood City, California.

Abigail Bowman

---

**PROOF OF SERVICE**